920 F.2d 535
 RAILWAY LABOR EXECUTIVES' ASSOCIATION, Raymond Hill, Sherman
West, and Phillip Towner, Appellants,
v.
Anthony BOUZA, Chief of Police of the Minneapolis Police
Department, Appellee.
 No. 90-5080MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1990.
Decided Dec. 4, 1990.
 
 Christopher Little of Alper & Mann, Washington, D.C., for appellants.
 Joseph M. LaBat, Minneapolis, Minn., for appellee.
 Before ARNOLD and MAGILL, Circuit Judges, and BENSON,* Senior District Judge.
 PER CURIAM.
 
 
 1
 In this action the plaintiffs seek a declaratory judgment that an alleged policy, custom, or practice of the Police Department of Minneapolis, Minnesota, violates the Fourth Amendment. They also seek an injunction against future execution of this policy, custom, or practice. The policy, custom, or practice at issue is alleged as follows: that the Minneapolis Police Department will subject to urinalysis drug testing any railroad workers involved in an accident in which death has occurred, regardless of any other facts and circumstances that may be involved in the accident, and regardless of whether all of the facts and circumstances of the accident would amount to probable cause within the meaning of the Fourth Amendment.
 
 
 2
 The District Court, delivering its findings from the bench, held that the police had in fact had probable cause for such testing in connection with an incident involving the three named plaintiffs occurring on May 28, 1988. The Court did not rule specifically on the request for injunctive or declaratory relief with respect to future adherence to the alleged police policy, custom, or practice. It did, however, effectively reject this request, because the entire complaint was dismissed with prejudice.
 
 
 3
 At the oral argument on appeal, it developed that the parties are not really in disagreement. No request for damages is being made by the plaintiffs-appellants, so whether probable cause was or was not present at the particular incident in 1988 is not important. Plaintiffs ask only that the police not conduct similar testing in the future without probable cause to believe that the railroad employees involved are under the influence of, or have been consuming, drugs or alcohol. Counsel for defendant-appellee represented to the Court, in response to questions from the bench, that his client had no intention of conducting testing in the future without probable cause. We then suggested the following form of disposition: the judgment of the District Court would be affirmed, but the Court's opinion would note that the City has represented that it will not test in the future without probable cause, and the Court accepts this representation. Counsel for both sides stated in open court that this form of disposition would be satisfactory.
 
 
 4
 Accordingly, we take the following action: the judgment of the District Court, dismissing the complaint, is affirmed. This Court notes, however, the representation of the City of Minneapolis that it will not subject railroad employees involved in accidents to testing for drugs or alcohol in the future without probable cause to believe that the employees involved are under the influence of, or have recently consumed, drugs or alcohol. Except to the extent specifically covered by this opinion, the issues urged by the parties are moot.
 
 
 5
 It is so ordered.
 
 
 
 *
 The Hon. Paul Benson, Senior United States District Judge for the District of North Dakota, sitting by designation